**Edmonda DACI, Petitioner,**

v.

**IMMIGRATION and NATURALIZATION SERVICE, Respondent.**

**No. 08–0308–ag.**

United States Court of Appeals, Second Circuit.

Dec. 23, 2008.

S. Gjoni, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Terri J. Scadron; Assistant Director; Katheryn L. Deangelis, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. WALKER, Circuit Judges.

### SUMMARY ORDER

Edmonda Daci, a native and citizen of Albania, seeks review of a December 18, 2007 order of the BIA affirming the October 4, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Edmonda Daci,* No. A98 560 677 (B.I.A. Dec. 18, 2007), *aff'g* No. A98 560 677 (Immig. Ct. N.Y.

City Oct. 4, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision.[1] *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

The agency's adverse credibility finding is supported by substantial evidence. For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). The IJ found that Daci's evasive demeanor when questioned about her duties as a poll observer reflected negatively on her credibility. A fact-finder who assesses testimony together with witness demeanor is in the best position to discern "whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of

---

1. Although petitioner is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006).

key events or struggling to remember the lines of a carefully crafted 'script.' " *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir.2006). It is clear that the agency's demeanor findings merit significant deference, and the finding in this case is no exception.

The IJ also relied on an inconsistency in the record between Daci's testimony that she was not inspected below the waist after her alleged rape in Albania and the affidavit from a psychologist in the United States which implies that she had been so inspected. Under the REAL ID Act, it was proper for the IJ to rely on this inconsistency in making his adverse credibility finding, and, while there is no requirement that an inconsistency go to the heart of an applicant's claim, it is worth noting that this one does, as it bears upon whether Daci's testimony about her alleged rape is truthful, and that is an important aspect of her application for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 167.

The IJ also expressed concern that Daci had failed to sufficiently corroborate her claims of persecution. An applicant's failure to corroborate his testimony may undermine credibility because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Here, it was not error for the IJ to rely on the omission of specific incidents of persecution from the letters of support that Daci had submitted to the record in making his adverse credibility determination. *Id.* Further, the IJ properly found that Daci's failure to submit affidavits from her parents in Albania or her sister in New York reflected negatively on her credibility. *Id.* Together, this lack of corroboration, considered with the IJ's demeanor finding and the inconsistency in the record, provide substantial evidence in support of the IJ's adverse credibility determination. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic,* 519 F.3d at 95. Accordingly, the IJ properly denied Daci's application for asylum.

Finally, because Daci fails to challenge the IJ's denial of her withholding of removal and CAT claims, we consider any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).